UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SANDY PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00151-SNLJ |
| ) | |
| STODDARD COUNTY CIRCUIT ) | |
| COURT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Sandy Phillips brings this civil action for violations of the Fair Housing Act, the Americans with Disabilities Act, Missouri law, and 42 U.S.C. § 1983. [Docs. 1, 4]. The matter is now before the Court upon Plaintiff's two motions for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Docs. 2, 5]. Because Plaintiff's first motion was not filed on a federal court form, it will be denied. [Doc. 2 (filed on a Missouri state court form)]. However, based on a review of the financial information submitted in Plaintiff's second motion (Doc. 5), the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1).

As Plaintiff is now proceeding *in forma pauperis*, the Court must review her pleadings under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file a second amended complaint on the Court-provided form in compliance with the instructions set out below. Furthermore, as there is no court hearing scheduled in this matter, Plaintiff's motion to participate in court hearings by telephone (Doc. 7) is premature and will be denied as moot. Plaintiff's related motion to file documents under seal in support of her motion to participate by telephone (Doc. 6) will also be denied as moot. If, and when a hearing is scheduled in this

matter, Plaintiff can refile her request at that time, and it will be considered by the Court. Finally, the Court warns Plaintiff that her failure to comply with this Order could result in dismissal of this action.

## Motions to Proceed *In Forma Pauperis*

Along with her case-initiating documents, Plaintiff filed a "Motion and Affidavit in Support of Request to Proceed As a Poor Person," on what appears to be a Missouri state court form. [Doc. 2]. About a month later, while her first motion was still pending, Plaintiff filed an "Application to Proceed in District Court Without Prepaying Fees or Costs." [Doc. 5]. This second motion provides detailed financial information, including income, employment, assets, and expense information, as required by the federal statute. *See* 28 U.S.C. § 1915. Based on the information provided, the Court finds that Plaintiff is unable to pay the filing fee. As such, Plaintiff's first motion will be denied, her second motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1).

## Initial Review under § 1915

### I.   Plaintiff's Pleadings

Self-represented Plaintiff Sandy Phillips initiated this action with a "Petition for Writ of Certiorari, Emergency Stay, and Preservation Order," captioned for filing in the Supreme Court of Missouri, and a "Petition for Breach of Implied Warranty of Habitability, Constructive Eviction, Harassment, Retaliation, Slander/Defamation, and Malicious Wiretapping," captioned for filing in the Missouri Stoddard County Circuit Court. [Doc. 1 at 1, 5]. Each document appears to bring distinct legal claims against different named defendants. [*Id.*] However, about a month after filing the initial pleadings, Plaintiff filed an amended complaint, correctly captioned for this Court. [Doc. 4 at 1]. As an amended complaint completely replaces the

original complaint and all supplements,[1] this is the pleading that the Court will examine. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))).

Plaintiff states that her Amended Complaint is brought "to redress disability discrimination, civil rights violations, and housing violations" under "the Americans with Disabilities Act (ADA), Title II, the Fair Housing Act (FHA), [] 42 U.S.C. § 1983 … [and] Missouri law." [Doc. 4 at 1]. Plaintiff alleges that she is a disabled tenant who was denied meaningful access to court proceedings and subjected to discriminatory treatment. [*Id.*]

It is unclear who Plaintiff intends as named defendants in this matter, as the case caption lists different defendants than the information under the Amended Complaint's 'Parties' section. [*Compare id.* at 1 (listing defendants as Gill Family Properties, LLC; Chad Gill; Kyle Orf; Cortney Bass; Kayse Soule; and Butler County Courthouse/Judge Jarrell Bradley) *with id.* at 3-4 (listing defendants as Gill Family Properties, LLC; Chad Gill; Kyle Orf; Kayse Soule; Cortney Bass; Gill Group; Judge Jarrell Bradley; and Stoddard County Circuit Court)]. However, it does appear that named Defendants fit into two categories: Defendants associated with Plaintiff's residential rental unit (Gill Family Properties, LLC; Chad Gill; Kyle Orf; Cortney Bass; Kayse Soule; and Gill Group) and Defendants associated with Plaintiff's state court lawsuits (Butler County Courthouse/Judge Jarrell Bradley; Judge Jarrell Bradley; and Stoddard County Circuit Court).

Similarly, the factual allegations of Plaintiff's Amended Complaint appear to be based on two separate situations. First, Plaintiff alleges that the dwelling she leased from Defendant Gill

---

[1] Plaintiff filed a supplement along with her case-initiating documents. [*See* Doc. 3].

3

Family Properties, LLC was not maintained in a habitable condition, including issues with roaches, a nonfunctioning stove, mold, lack of hot water, and broken doors/smoke detectors. [*Id.* at 5, 6-7]. According to Plaintiff, she informed Defendant Gill Properties and its agents (Defendants Gill, Orf, Soule, and Bass) about these conditions but they "willfully refused to repair or relocate Plaintiff in a timely manner." [*Id.* at 5]. Plaintiff asserts that Defendants violated the Fair Housing Act when they retaliated against her by "threatening eviction, removing doors, wiretapping, spreading defamatory statements to other landlords, and denying relocation or repairs." [*Id.* at 5-6]. Second, Plaintiff alleges that her Title II ADA rights were violated when she was denied "reasonable modifications and telephonic accommodations" by the Missouri state court system where she was attempting "to bring her housing claims," and that this violation denied "her meaningful access to the court system." [*Id.* at 4-5, 7].

Based on these two factual situations, the Amended Complaint seeks relief under four counts: (1) Breach of Implied Warranty of Habitability/Constructive Eviction; (2) Disability Discrimination and Failure to Accommodate; (3) Retaliation, Harassment, and Interference; and (4) Illegal Wiretapping and Invasion of Privacy. [*Id.* at 8-13]. For relief, Plaintiff requests a declaratory judgment, an injunction, and money damages. [*Id.* at 1, 3].

## II.     Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the

4

district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III.   Discussion

Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because Plaintiff is self-represented and she has presented serious allegations to the Court, she will be allowed to amend her pleadings in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following legal issues in filing her second amended complaint.

5

### a. Unrelated claims cannot be brought together

Plaintiff's Amended Complaint fails to comply with the Federal Rules of Civil Procedure. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff can only assert in a single lawsuit, claims against different defendants that are based on events arising out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2)(A); *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (joinder requires that a plaintiff only assert rights to relief against each named defendant based on claims that arise out of the same transaction or occurrence). Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

In this case, Plaintiff's allegations regarding her housing situation arise out of a different occurrence or transaction then the allegations regarding her access to the court system. These claims must be brought in different lawsuits, based on Federal Rule 20. As such, when Plaintiff files her second amended complaint, she must choose which claims she wishes to pursue in this legal action, and bring the other, unrelated claims in a different suit. If Plaintiff fails to bring related claims in her second amended complaint, unrelated claims can be severed and dismissed under Federal Rule 21.

### b. Plaintiff must plead the essential elements of each legal claim

Plaintiff alleges that this action is brought under the ADA, the FHA, § 1983, and various Missouri state laws. However, in order for her claims to survive initial review, the second amended complaint must plead the essential elements for each legal cause of action.

First, under Title II of the Americans with Disabilities Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132*; see also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Schs.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the ADA prohibits public entities from discrimination based on disability in services, programs, or activities). In order to state a claim under Title II of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise subjected to discrimination by the entity; and (3) such exclusion, denial of benefits, or other discrimination was by reason of his disability. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

In this case, Plaintiff appears to be raising her ADA Title II claim against either the Butler County Court or the Stoddard County Circuit Court (or both), as they are public entities. However, Plaintiff does not plead enough facts for the Court to find that she was excluded from participating in a court action by reason of her disability. Plaintiff only alleges that she called the courthouse and spoke with a court clerk to request telephone access to a hearing, but that she never heard back from the court. [Doc. 4 at 7]. This is not enough to state a Title II ADA claim.

Second, "[t]he Fair Housing Act ("FHA") prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex,

familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)). The FHA also prohibits discrimination in housing based on disability, and retaliation against any person on account of that person exercising or enjoying a right granted or protected by the FHA. 42 U.S.C. §§ 3604(f), 3617. A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003); 42 U.S.C. § 3613. However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997).

As such, if Plaintiff wishes to pursue an FHA retaliation claim here, she must provide facts indicating that she engaged in a protected activity and defendants' actions were casually linked to Plaintiff's engagement in that activity. In the Amended Complaint, Plaintiff complains about the conditions of the apartment that she rented from Defendant Gill Properties, but she does not complain that any aspect of the apartment did not accommodate her disability. Instead, she complains about roaches, hot water, broken equipment, mold, and the functioning of the stove. None of these conditions are related to any alleged disability. If Plaintiff did not engage in any activity protected by the FHA, then any allegedly retaliatory actions by Defendants are not prohibited by the FHA.

Third, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To that end, only state actors can be held

8

liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

Most of the named Defendants in this action are not state actors. In her second amended complaint, Plaintiff must clearly state which defendants she brings her § 1983 claim against and what constitutional rights were allegedly violated by those defendants. The Court warns Plaintiff that State courts (like Missouri state circuit courts) are not suable under § 1983 because of state immunity. *See Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir.1986) (state courts are not vulnerable to § 1983 suits because they are protected by state immunity under Eleventh Amendment).[2]

Finally, under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over state law claims arising from the same case or controversy as a federal claim. In determining whether to exercise supplemental jurisdiction, the Court must consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). To the extent Plaintiff is requesting that this federal court exert supplemental jurisdiction over any Missouri-law claims, Plaintiff must plead enough facts to support each state claim she seeks to pursue, and demonstrate that those claims arise from the same case or controversy as her federal claims.

### Motions Regarding Participating in Court Hearing by Telephone

On October 17, 2025, Plaintiff filed a "Telephonic Hearing & ADA Accommodation Request to Aid Judicial Efficiency and Avoid Delays" and a "Motion to File Unredacted

---

[2] Furthermore, to the extent Plaintiff has filed this action because she wants this Court to review a Missouri state court decision, this Court does not have jurisdiction to consider appeals of state court actions. "The basic theory of the Rooker-Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 754 (8th Cir. 2010) (internal quotations omitted).

9

Documents Under Seal." [Docs. 6, 7]. In her motion for telephonic hearing, Plaintiff requests that the Court allow her to appear telephonically for court proceedings, pursuant to Title II of the ADA and based on a "documented disability" that prevents her from driving. [Doc. 7 at 1]. Plaintiff states that she "previously requested ADA accommodation in state court but was denied" so she is "now renew[ing] this request before this Honorable Court." [*Id.*] In her motion to file unredacted documents, Plaintiff asks the Court for permission to file certain documents under seal which relate to her medical disability and treatment, to support her motion for telephonic hearing. [Doc. 6 at 1].

Plaintiff also attached exhibits to her Amended Complaint which appear to be intended to support her motion for telephonic hearing. [*See* Docs. 4-3 (Plaintiff's rideshare cost to and from the Court), 4-4 (proposed Notice of Hearing on Plaintiff's Motion for Telephonic ADA Accommodation), 4-5 (proposed Notice of Hearing on Plaintiff's ADA Claim), 4-8 (Social Security Benefit Verification Letter)]. Finally, Plaintiff filed a supplement and affidavit in support of the supplement which appear to be intended to support her motion by providing evidence that Plaintiff is currently undergoing medical and psychiatric treatment and that she has financial limitations on traveling to Court. [Docs. 9, 10].

As of this date, there are no court hearings currently set for this case. Nor does the Court anticipate that any proceeding will be scheduled soon. Plaintiff's proposed Notices for Hearings do not make any court hearing imminent in this matter. As such, Plaintiff's motion for telephonic hearing is premature. Because there is no scheduled court proceeding, this motion will be denied as moot. In addition, Plaintiff's motion seeking to file documents under seal in support of this premature motion will also be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that Plaintiff's motion for telephonic hearing and ADA accommodation [Doc. 7] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to file unredacted documents under seal in support of her motion for telephonic hearing [Doc. 6] is **DENIED as moot**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 20th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE